**Ex parte ORR.**

**Clv. A. No. 3404.**

United States District Court
E. D. South Carolina, Columbia Division.

Sept. 30, 1952.

TIMMERMAN, District Judge.

The petitioner prays for a writ of habeas corpus upon allegations which are summarized as follows: (a) That he is confined in the South Carolina State Penitentiary pursuant to the judgment of the Court of General Sessions in and for Greenville County, South Carolina, following his conviction of breach of trust; (b) that he was tried for said offense without being afforded an opportunity to have witnesses in his behalf and without counsel; (c) that he was given an excessive sentence of three years in prison; and (d) that civil rights guaranteed him under the Fifth, Sixth, Seventh, Eighth and Ninth Amendments to the Federal Constitution were violated upon his trial in the state court.

The petitioner amplified the stated contentions by these further averments: (a) That a warrant was issued against him while he was in custody; (b) that he was threatened by the prosecuting witness; (c) that he applied to the governor for bond and bond was never set; (d) that he was forced to go to trial and act as his own counsel; (e) that the attitude of the presiding Judge forced him to discontinue examining witnesses; (f) that he was placed in double jeopardy when the presiding Judge considered a prior conviction before sentencing him; (g) that said prior record was not in South Carolina, but in Georgia; (h) that he was subjected to "cruel and inhuman punishment by the city and county of Greenville, S. C."; (i) that he was denied a preliminary hearing as provided for in Sec. 935, Code of Laws of S. C., 1942; (j) that he was denied a trial by an impartial jury; (k) that he has been denied a hearing on a writ of habeas corpus; (l) that he made an effort to appeal and was prevented from doing so by the clerk of the state court; and (m) that he was transferred to the state penitentiary within twenty hours after he was sentenced and, therefore, had no chance to see an attorney or file notice of appeal within the ten days allowed therefor after the adjournment of the circuit court. Sec. 781.

Assuming all the conclusions stated by the petitioner to be true, they were subject to correction on appeal to the State Su-

preme Court. No appeal was noted. Also, if, as claimed by petitioner, the conduct of his trial amounted to so gross a violation of his constitutional rights as to deny him the substance of a fair trial under circumstances wherein he was unable to protect himself because of ignorance, duress or other reasons beyond his control, he still has a remedy in the state courts. He may yet apply to the Circuit or Supreme Court, or a Judge thereof, for a writ of habeas corpus. Art. V, Secs. 4 and 25, State Constitution. The case of Ex parte Hollman, 79 S.C. 9, 60 S.E. 19, 21 L.R.A.,N.S., 242, and authorities therein cited, fully supports this view. Therein Mr. Justice Woods, at page 20 of 60 S.E., said:

"An unconstitutional statute, though having the form and name of law, is in reality no law, and the courts must liberate one suffering imprisonment under it just as if there had never been the form of trial, conviction, and sentence. The office of the writ of habeas corpus is to liberate those who are imprisoned without authority of law."

I can see no valid distinction between one case in which a person is held in custody under an unconstitutional enactment, even though his trial may have been scrupulously fair, and another case in which one is held in prison under a valid law, but by reason of a void trial which negatived all constitutional guarantees of a fair trial. Mr. Justice Jones, afterwards Chief Justice, in a concurring opinion in the Hollman case, at page 26 of 60 S.E., said:

"When, however, the judgment is void, and not merely voidable, relief may be had by habeas corpus."

Judge Parker, in Daniels v. Allen, 4 Cir., 192 F.2d 763, 766, said:

"To justify such action [the issuance of the writ], there must have been such a gross violation of constitutional rights as to deny the accused the substance of a fair trial in a situation where he was not in position to protect himself";

and at page 768 of 192 F.2d,

"The federal court should not issue the writ, even in the extraordinary cases above indicated, unless it is made to appear that petitioner has no adequate remedy in the state courts".

As already indicated, the petitioner had the remedy of an appeal to the State Supreme Court to correct the grievances of which he complains in his petition. He did not pursue that remedy, as he claims, because he was in prison, although he alleges that he wrote the clerk of the state court about an appeal while he was in prison. However, it appears that his letter to the clerk was written after the time for an appeal had expired. While he cannot now have his case reviewed on a direct appeal to the Supreme Court, he still has the remedy of an application for a writ of habeas corpus in the state court. Such a writ supposedly would be issued if proper grounds therefor were shown, as for instance that by the gross violation of constitutional rights petitioner was denied the substance of a fair trial under such circumstances as to place him in a position where he could not protect himself. If he can show that he was forced to trial and thereon denied counsel and an opportunity to have witnesses in his behalf, in an atmosphere of hostility, and before a biased jury, as his petition seems to indicate, he would undoubtedly have the right to apply to a state court, or a Judge thereof, for a writ of habeas corpus and for an adjudication that he is "imprisoned without authority of law".

In addition to what has been said it should be pointed out that an exhibit attached to the instant petition shows that the petitioner applied to the Chief Justice of the State Supreme Court for a writ of habeas corpus less than two weeks before the petition herein was initiated. The referred to exhibit indicates that the Chief Justice took the matter of the issuance of a writ under advisement.

For the reasons stated the prayer of the petition should be denied; and it is so ordered.

It is further ordered, that the petition, which was mailed to me, and this order thereon be filed without the advancement of costs by the petitioner, and that a copy of this order be served on the petitioner at 1515 Gist Street, Columbia, S. C.